# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DANIEL CAMARA, | ) |
| Plaintiff, | ) |
| v. | ) |
| WELLS FARGO BANK, N.A., | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), by its undersigned counsel, hereby gives notice, pursuant to 28 U.S.C. §§ 1441 and 1446, of the Removal to this Court of the action commenced against it identified below, which is currently pending in the Bristol County, Massachusetts Superior Court. In support of their removal, Defendant states as follows:

## THE ACTION

1. Defendant is the named defendant in a suit filed in the Bristol County Superior Court, styled *Daniel Camara v. Wells Fargo Bank, N.A.*, Case No. 2012-00159 (the "Action").

## SERVICE

2. The Action was filed on February 10 and Wells Fargo was served a copy of the complaint (not summons) on February 17, 2012. Removal is timely, having been filed within 30 days of the commencement of the Action.

## PLEADINGS AND NOTICE TO STATE COURT

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81.1, certified copies of all pleadings, records, orders and proceedings from the Bristol County Superior Court will be filed with this Court. Contemporaneous with the filing of this Notice, Defendant will provide written notice to the Plaintiff's attorney and will notify the Bristol County Superior Court of this Removal. There are currently no known motions pending before the Bristol County Superior Court.

## STATEMENT OF STATUTORY BASIS FOR JURISDICTION

4. This Action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332.

**I.  This Court Has Jurisdiction Pursuant To 28 U.S.C. § 1332.**

5. 28 U.S.C. § 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332. As shown *infra*, this Action satisfies both of these statutory requirements.

**A.  The Parties are Citizens of Different States.**

6. Plaintiff alleges that he is a resident of Taunton, Massachusetts. See Compl. Exhibit A. For diversity purposes a national bank's citizenship is based on the location of its principal office. See 28 U.S.C. § 1348 ("national banking associations" are "deemed citizens of the States in which they are respectively located."); Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 318-19 (2006) (holding national bank is located for the purposes of diversity jurisdiction in the state of its principal offices listed in the articles or organization). Wells

Fargo's articles of association designate Sioux Falls, South Dakota, as the location of its main office. Therefore, for purposes of this Removal, Wells Fargo is a citizen of a state other than Massachusetts.

     **B.**     **The Amount in Controversy Exceeds $75,000.**

     7.     In calculating the amount in controversy, the Court should consider the total amount of monetary relief that Plaintiff seeks to recover, or the financial impact the relief sought would have on the Defendant. See Richard C. Young & Co. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). (The amount is measured by "the judgment's pecuniary consequences to those involved in the litigation."); see also Dept. of Recreation & Sports v. World Boxing, 942 F.2d 84, 90 (1st Cir. 1991); When equitable relief is sought "the amount-in-controversy is 'measured by the value of the object of the litigation.'" Aliberti v. GMAC Mortg., LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011) (quoting Hunt v. Wash. State Apple Adver. Comm'n, 432 U.S. 333, 347 (1977)). Specifically in the mortgage foreclosure context, the fair market value of the home is the appropriate measure for the amount in controversy when equitable relief is sought to prevent foreclosure. See Bedard v. Mortgage Elec. Registration Sys., Inc., 2011 WL 1792738 (D.N.H. May 11, 2011) (citing cases). Additionally, "the court's determination of the amount in controversy in this case must account . . . [any] treble damages and attorneys' fees for successful litigants." Williams v. Litton Loan Servicing, 2011 WL 3585528,*3 (D. Mass. Aug. 15, 2011) (citing G.L. c. 93A); see also Bell v. Preferred Life Assurance Soc'y, 320 U.S. 238 (1943) ("[w]here both actual and punitive damages are recoverable under a complaint each must be considered to the extent claimed in determining jurisdictional amount").

8. Plaintiff seeks an injunction preventing Defendant from foreclosing on the Property. Compl. WHEREFORE cl. ¶e. Plaintiff further alleges that the loan value taken out on the Property was $316,000. Compl. Ex. B. Thus, the object of the litigation exceeds $75,000. Aliberti, 779 F. Supp. 2d at 245.

9. In the event any question arises as to the propriety of the removal of this matter, Defendant requests the opportunity to submit briefs and be heard at oral argument in support of their position that removal is proper.

WHEREFORE, Wells Fargo respectfully request that this Court assume jurisdiction over this matter and that no further proceedings be held in the Bristol County Superior Court.

    Respectfully submitted,
Wells Fargo Bank, N.A.,
By its Attorneys,

/s/ Morgan T. Nickerson
Jeffrey S. Patterson (BBO #671383)
jeffrey.patterson@nelsonmullins.com
Morgan T. Nickerson (BBO#667290)
morgan.nickerson@nelsonmullins.com
Michael R. Stanley (BBO# 689057)
Michael.stanley@nelsonmullins.com
Nelson Mullins Riley & Scarborough LLP
One Post Office Square, 30th Floor
Boston, Massachusetts 02109
(617) 573-4700
(617) 573-4710 (fax)

Dated: February 29, 2012

**CERTIFICATE OF SERVICE**

I, Morgan T. Nickerson, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: February 29, 2012      /s/ Morgan T. Nickerson