UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10375-GAO

DANIEL CAMARA,
Plaintiff,

v.

WELLS FARGO BANK, N.A.,
Defendant.

ORDER
January 2, 2013

O'TOOLE, D.J.

Defendant has moved to dismiss Count IV of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The plaintiff's claims arise out of his default on his mortgage with the defendant and the parties' subsequent efforts to modify the loan. Count IV alleges negligence in the handling of the loan modification, specifically that the defendant "breached its duty by failing to provide a permanent loan modification agreement." (State Ct. Record 13-14 (dkt. no. 4).)

The Home Affordable Modification Program ("HAMP") does not create a duty of care between a borrower and a loan servicer. Brown v. Bank of America, Corp., 2011 WL 1311278 *4 (D. Mass. 2011) (a "violation of a regulation such as HAMP may provide evidence of a breach of a duty otherwise owed, it does not create such a duty in the first place"). It is well settled in this district that a plaintiff cannot state a claim for negligence arising out of a violation of HAMP or its regulations. See Seidel v. Wells Fargo Bank, N.A., 2012 WL 2571200 *4 (D. Mass. July 3, 2012) (HAMP does not create an independent duty for mortgagers). See also

McBride v. American Home Mortg. Serv. Inc., 2012 WL 931247 *3 (D. Mass. March 19, 2012) and Markle v. HSBC Mortg. Corp., 844 F. Supp. 2d 172, 185 (D. Mass. 2011).

The plaintiff argues that the temporary loan modification offered by the plaintiff was a contract which gave rise to a duty of care. This argument is without merit. Accordingly, the negligence claim fails as a matter of law and must be dismissed. The defendant's Motion to Dismiss (dkt. no. 13) is GRANTED. Count IV of the Complaint is dismissed.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge